UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDEVITT, as he is ADMINISTRATOR, PAINTERS AND ALLIED TRADES DISTRICT COUNCIL No. 35 TRUST FUNDS,<br>　　　　Plaintiff,<br><br>vs.<br><br>CHAMPION PAINTING SPECIALTY SERVICES CORP.,<br>　　　　Defendant. | C.A. No. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay interest due on late paid contributions to the plans under the terms of a collective bargaining agreement and an arbitration award.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff William McDevitt is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds"). The Funds are multiemployer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

4.  Defendant Champion Painting Specialty Services Corp. ("Champion") is a Foreign corporation with a principal place of business at 130 SW 22nd Street, Fort Lauderdale, FL 33315, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## FACTS

5.  Defendant Champion is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc. The Agreement is a contract within the meaning of 29 U.S.C. §185(a). A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

6.  The Agreement requires signatory employers such as Champion to make contributions to the Plaintiff Funds for each hour worked by employees in order to fund vital employee benefits such as pension and healthcare for participants and beneficiaries. The Agreement specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the fifth day of the subsequent month with a 20 day grace period, after which interest begins to accrue. The

Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

7. From September 2016 to November 2017, Champion was late in remitting principal benefit contributions. Champion failed and refused to pay interest due on these late paid contributions.

8. The Agreement provides that the New England Painting, Finishing & Glazing District Council No. 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the Agreement and grievances and complaints against members of either party to the Agreement or independent signatory employers for all alleged violations of the Agreement.

9. The Agreement provides that Joint Trade Board decisions are binding on independent signatory employers such as Champion.

10. On August 29, 2017 the Funds notified Champion that they had voted to refer Champion to the Joint Trade Board and bring charges related to the interest on the late paid contributions.

11. A hearing was held before the Joint Trade Board on November 7, 2017. The Funds presented evidence of the interest Defendant owed due to late paid benefit contributions to the Funds in the amount of $2,089.05. Champion had been sent prior written notice of the hearing but did not appear.

12. The Joint Trade Board voted to require Champion to pay the interest in the amount of $2,089.05, plus an administrative fee of $200.00. The Board voted that Champion be given ten days from the receipt of the award to pay the total amount owed of $2,289.05. The Joint Trade Board informed Champion of its decision in a letter dated November 15, 2017. A true and accurate copy of the Joint Trade Board's award is attached hereto as Exhibit B.

13. Champion failed to remit payment or file an action to vacate the arbitration award within ten (10) days of its receipt.

14. On January 25, 2018, Fund counsel sent a letter by certified mail and first class mail to Champion again requesting payment. Champion did not respond. A true and accurate copy of the letter and receipts are attached hereto as <u>Exhibit C</u>.

15. The interest Champion owes continues to accrue.

## COUNT I - VIOLATION OF ERISA

16. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 15 above.

17. Absent an order from this Court, the Defendant will continue to fail and refuse to pay the interest on late paid benefit contributions and fees it owes to the Plaintiff Funds along with liquated damages and legal fees and costs.

18. The failure of Champion to make payment of all amounts it owes to the Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

19. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

20. The Funds are entitled to recover the full amount of interest that accrues through the date of the Judgment in this matter, plus post-judgment interest, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

21. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 20 above.

22. The Agreement is a contract within the meaning of §301 of the LMRA.

23.    The failure of Champion to pay all interest owed on behalf of its covered employees violates the terms of the Agreement.

### COUNT III – ENFORCEMENT OF ARBITRATION AWARD

24.    Plaintiff repeats and incorporates by reference herein paragraphs 1 through 23 above.

25.    The arbitration award issued by the Joint Trade Board requires Defendant Champion to pay the amount of the award, $2,289.05, plus ongoing interest and legal fees and costs.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a.    Order the attachment of the bank accounts, funds, machinery, inventory and accounts receivable of Champion;

b.    Order Champion to make available to the Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions paid for that period;

c.    Enter judgment in favor of the Plaintiff Funds on Count I for interest on late paid contributions and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

d.    Enter judgment in favor of the Plaintiff Funds on Count II for interest on all late paid contributions owed plus interest, liquidated damages, and attorneys' fees and costs, as

provide pursuant to the Agreement, and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

  e. Enter judgment in favor of the Plaintiff Funds on Count III to confirm and enforce the arbitration award of the Joint Trade Board in the amount of the award, plus interest and penalties as described in the award; and

  f. Such further and other relief as this Court may deem appropriate.

              Respectfully submitted,

              WILLIAM MCDEVITT, as he is
              ADMINISTRATOR, PAINTERS AND
              ALLIED TRADES DISTRICT COUNCIL
              No. 35 TRUST FUNDS,

              By his attorneys,

              /s/ Nathan P. Goldstein
              Paul F. Kelly, Esq., BBO #267000
              Kathryn S. Shea, Esq., BBO #547188
              Nathan P. Goldstein, Esq., BBO #666101
              Segal Roitman, LLP
              33 Harrison Avenue, 7th Floor
              Boston, MA  02111
              (617) 603-1415
Dated: February 26, 2018      ngoldstein@segalroitman.com

## VERIFICATION

I, William McDevitt, Administrator for the Painters and Allied Trades District Council No. 35 Trust Funds, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements based on information and belief, and, as to those statements, I believe them to be true.

  SIGNED UNDER THE PENALTIES OF PERJURY THIS 26 DAY OF FEBRUARY, 2018

              _____
              William McDevitt